UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

LIBERTY MUTUAL INSURANCE COMPANY,          Civil Action No.:
                                           15-CV-1556
                          Plaintiff,

            -against-
                                           **COMPLAINT**

CINCINNATI INSURANCE COMPANY,

                          Defendant.

-------------------------------------------------------------------------------x

**M A D A M S/S I R S:**

       Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"),

by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendant

CINCINNATI INSURANCE COMPANY ("Cincinnati"), alleges as follows:

**JURISDICTION AND VENUE**

       1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1332(a) by reason of the diversity of citizenship of the parties and the fact that the

amount in controversy exceeds the sum of $75,000 exclusive of costs.

       2.    At all times hereinafter mentioned, Liberty Mutual was, and still is, a

stock insurance company organized under the laws of the Commonwealth of

Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston,

Massachusetts.

       3.    At all times hereinafter mentioned, Liberty Mutual was, and still is, a

stock insurance company duly authorized to conduct business within the State of New

York.

4.     Upon information and belief, at all times hereinafter mentioned, Cincinnati was, and still is, a stock insurance company organized under the laws of the State of Ohio, with its principal place of business located at P.O. Box 145496, Cincinnati, OH 45214.

5.     Upon information and belief, at all times hereinafter mentioned, Cincinnati was, and still is, an insurance company duly authorized to conduct business within the State of New York.

6.     Venue is appropriate in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

7.     On or about December 27, 2012, Joseph Rohan ("Rohan") commenced an action entitled <u>Joseph Rohan v. Wardlaw Claim Service, Inc., William Wardlaw, Frank Scarmardo, and Keith Scarmardo</u>, Index No. 309881/12, was commenced in the Supreme Court of the State of New York, County of Bronx (the "Underlying Action").

8.     On or about January 22, 2013, defendants Keith Scarmardo ("Scarmardo") and Frank Scarmardo filed a Notice of Removal, removing the Underlying Action to the United States District Court, Southern District of New York.

9.     On or about March 4, 2013, the Underlying Action was transferred to the United States District Court, Eastern District of New York, where it was assigned Docket No. 13-CV-1116.

2

10.     On or about July 25, 2013, Rohan filed an Amended Verified Complaint in the Underlying Action.

11.     On or about May 9, 2014, Rohan filed a Second Amended Verified Complaint in the Underlying Action, adding Liberty Mutual as a defendant.

12.     In the Underlying Action, Rohan alleges that Keith Scarmardo ("Keith"), on November 29, 2012, was operating a vehicle bearing Texas license plate no. 87MVF3, which was owned by Frank Scarmardo (the "Vehicle").

13.     In the Underlying Action, Rohan alleges that, on November 29, 2012, he was a lawful pedestrian near the intersection of Old Country Road and Zeckendorf Boulevard in Nassau County, New York, when he was struck by the Vehicle (the "Accident").

14.     In the Underlying Action, Rohan alleges that, at the time of the accident, Keith was negligently operating the Vehicle while in the course of his employment with Liberty Mutual and/or Wardlaw Claims Service, Inc. ("Wardlaw").

15.     In the Underlying Action, Rohan alleges that the Accident was the result of Liberty Mutual's and Wardlaw's negligence in retaining, hiring, training, and/or supervising Keith, and failing to promulgate rules regarding Keith's operation of motor vehicles in the course of his employment.

16.     In the Underlying Action, Rohan alleges that Liberty Mutual is liable for Keith's negligent conduct related to the Accident by virtue of the agency rule of liability and the principles of respondeat superior.

3

17.     By written agreement dated February 3, 2012, Liberty Mutual retained Wardlaw to perform independent adjusting services on claims under personal lines policies issued by Liberty Mutual (the "Wardlaw Contract").

18.     By written agreement dated March 21, 2012, Wardlaw retained Keith to perform certain of its independent adjusting services under the Wardlaw Contract (the "Subcontract").

19.     Upon information and belief, at the time of the Accident Wardlaw maintained business automobile liability insurance under a policy issued by Cincinnati (the "Cincinnati Policy").

20.     Rohan, in the Underlying Action, alleges a claim for which Liberty Mutual qualifies as an insured under the Cincinnati Policy.

21.     The Wardlaw Contract, which identifies Wardlaw as "Company", provides, in relevant part, as follows:

> 4.1 Insurance.  Company, at its own expense, shall maintain in force at all times while performing services hereunder the following insurance issued by an insurance company or companies with at least an "A" rating by A. M. Best Company:
>
> * * *
>
> (c)  Business Automobile Liability Insurance (including Automobile Non-Ownership Liability) with a combined single limit of not less than $1,000,000 each occurrence and $1,000,000 aggregate, if applicable;
>
> * * *
>
> Liberty shall be named as an additional insured on the policies listed in subsections (b), (c) and (e), above, with respect to

any claim arising out of Company's performance of services pursuant to this Agreement The insurance provided to Liberty under these policies of insurance shall apply on a primary basis and shall not contribute with any other insurance available to Liberty.

22.     Upon information and belief, Wardlaw complied with its obligations under the Wardlaw Contract, in part, by obtaining the Cincinnati Policy.

23.     Rohan, in the Underlying Action alleges a claim for which Liberty Mutual qualifies as an additional insured or insured under the Cincinnati Policy.

24.     The Cincinnati Policy provides primary, non-contributory coverage for Liberty Mutual for the Underlying Action.

25.     By letter dated June 16, 2014, Liberty Mutual tendered the Underlying Action to Cincinnati, requesting that it provide coverage to Liberty Mutual as an insured pursuant to the terms of the Cincinnati Policy.

26.     By letter dated October 29, 2014, Liberty Mutual re-tendered the Underlying Action to Cincinnati, again requesting that it provide coverage to Liberty Mutual as an insured pursuant to the terms of the Cincinnati Policy.

27.     Cincinnati never responded to Liberty Mutual's June 16, 2014, tender or Liberty Mutual's October 29, 2014, tender.

28.     Cincinnati has never denied coverage for Liberty Mutual under the Cincinnati Policy for the claims alleged in the Underlying Action.

29.     Cincinnati, however, has failed and refused to acknowledge its duty to defend or indemnify Liberty Mutual for the Underlying Action.

30.     As a result of Cincinnati's breach of its duty to defend, Liberty Mutual has been forced to defend itself for the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF

31.     Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "30" of this Complaint as if more fully set forth herein.

32.     Cincinnati has failed and refused to provide the primary defense to Liberty Mutual for the claims alleged in the Underlying Action.

33.     Cincinnati has, to date, wrongfully declined to provide coverage for Liberty Mutual for the Underlying Action.

34.     By failing to timely disclaim coverage, Cincinnati waived and/or is estopped from raising any conditions or exclusions as a defense to coverage.

35.     Liberty Mutual seeks a determination of its rights with regard to the Cincinnati Policy, including a declaratory judgment that Cincinnati is required to defend and indemnify Liberty Mutual for the Underlying Action on a primary, non-contributory basis.

36.     Liberty Mutual has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

37.     Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "36" of this Complaint as if more fully set forth herein.

6

38.     As a result of Cincinnati's failure to acknowledge that it owes a primary duty to defend Liberty Mutual, Liberty Mutual has incurred costs in the course of its defense for the Underlying Action.

39.     As a result of Cincinnati's failure to acknowledge its primary duty to defend Liberty Mutual for the Underlying Action, Liberty Mutual has incurred substantial attorneys' fees and other costs in the Underlying Action.

40.     Cincinnati failed and refused to acknowledge its primary coverage obligation and to reimburse Liberty Mutual for costs incurred in the Underlying Action.

41.     As a result of the foregoing, Liberty Mutual is entitled to a money judgment against Cincinnati in an amount equal to what it has incurred and will incur in the Underlying Action, in an amount to be determined by the Court.

**WHEREFORE**, plaintiff LIBERTY MUTUAL INSURANCE COMPANY demands judgment as follows:

1.     On the first claim for relief, a declaratory judgment determining the respective rights and obligations of plaintiff LIBERTY MUTUAL INSURANCE COMPANY and defendant CINCINNATI INSURANCE COMPANY with respect to Cincinnati's liability insurance coverage obligations for Liberty Mutual for the Underlying Action, including a declaratory judgment that Cincinnati is required to defend and indemnify Liberty Mutual under the Cincinnati Policy for the Underlying Action on a primary, non-contributory basis; and

     2.     On the second claim for relief, a money judgment in favor of plaintiff LIBERTY MUTUAL INSURANCE COMPANY and against defendant CINCINNATI INSURANCE COMPANY in an amount to be determined by the Court; and

     3.     Granting plaintiff LIBERTY MUTUAL INSURANCE COMPANY recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       March 25, 2015

                   Yours, etc.,

                   JAFFE & ASHER LLP

                   By: _____
                      Marshall T. Potashner, Esq.
                      David R. Shyer, Esq.
                   Attorneys for Plaintiff
                   LIBERTY MUTUAL INSURANCE COMPANY
                   600 Third Avenue, 9th Floor
                   New York, New York 10016
                   (212) 687-3000
                   MPotashner@Jaffeandasher.com
                   DShyer@Jaffeandasher.com