UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY,

                               Plaintiff,

       -against-

CINCINNATI INSURANCE COMPANY,

                             Defendant.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-01556 (JMA) (AKT)

**FILED**
**CLERK**
6/1/2016 9:26 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") has filed a motion for reconsideration, requesting that the Court grant plaintiff's motion for default judgment against defendant Cincinnati Insurance Company ("Cincinnati Insurance"). After reviewing the plaintiff's motions and supporting evidence, the Court GRANTS the motion for reconsideration and the motion for default judgment.

## I. BACKGROUND

In its action against Cincinnati Insurance, Liberty Mutual seeks a declaratory judgment that Cincinnati Insurance owes Liberty Mutual a duty to defend and a duty to indemnify in a seperate action pending in this district, as well as monetary damages for Liberty Mutual's costs of defending that action. Liberty Mutual claims that, under New York law and standard business automobile insurance policies, it is insured by Cincinnati Insurance.

Beginning in February 2012, Liberty Mutual retained Wardlaw Claims Services, Inc. ("Wardlaw") to perform independent adjusting services. (Compl. ¶ 18.) Wardlaw retained Keith Scarmardo in March 2012. (Id. ¶ 18.) In November 2012, Keith struck a pedestrian, Joseph Rohan ("Rohan"), while he was driving Frank Scarmardo's vehicle. (Id. ¶¶ 12–13.) In December 2012,

1

Rohan filed an action against Wardlaw, William Wardlaw, Frank Scarmardo, and Keith Scarmardo (the "underlying action").

In May 2014, Rohan filed an amended complaint, adding Liberty Mutual as a defendant in the underlying action. (Id. ¶ 11.) Rohan alleged that Liberty Mutual is liable through its own negligence and through vicarious liability for its agents' actions. (Id. ¶¶ 14–15.) The underlying action is currently pending in the Eastern District of New York and entitled Rohan v. Wardlaw Claim Service, Inc. et al, 13-CV-1116 (JFB)(AKT).

Liberty Mutual's contract with Wardlaw required that Wardlaw obtain business automobile insurance, under which Liberty Mutual would be named as an additional insured. (Compl. ¶¶ 19−20; Mot. For Default J., Ex. 7, ECF No. 11.) Liberty Mutual alleges, upon information and belief, that Wardlaw complied with its contractual obligations and obtained a business automobile liability policy from Cincinnati Insurance. (Decl. of Thomas McDonough in Supp. of Default Mot. ("McDonough Decl."), ¶¶ 13, 27, ECF No. 11-2.) Accordingly, Liberty Mutual claims that Cincinnati Insurance's policy covers Liberty Mutual as an insured in the underlying action. (Compl. ¶ 24.) On June 16, 2014, and October 29, 2014, Liberty Mutual tendered letters to Cincinnati Insurance regarding the requested coverage. (Id. ¶¶ 25–26.) Cincinnati Insurance did not deny coverage but refused to acknowledge any duty to defend or indemnify Liberty Mutual in the underlying action. (Id. ¶¶ 28–29.) Cincinnati Insurance has not responded to Liberty Mutual's requests for a copy of the policy between Wardlaw and Cincinnati Insurance. (McDonough Decl. ¶ 22.)

Liberty Mutual filed this suit against Cincinnati Insurance in March 2015. Cincinnati Insurance never answered or appeared in this action. In May 2015, Liberty Mutual obtained a clerk's entry of default against Cincinnati Insurance. In June 2015, Liberty Mutual filed and served

2

its motion for default judgment.  In October 2015, the Court directed that Liberty Mutual comply with Local Civil Rule 55.2(c) and mail a copy of its motion to Cincinnati Insurance at its last known business address.  In February 2016, the Court deferred ruling on Liberty Mutual's motion for default judgment, pending the resolution of the underlying action.  Liberty Mutual then moved for reconsideration.

For the reasons set forth in Liberty Mutual's memorandum in support of the motion for reconsideration, the Court hereby grants the motion and proceeds to consider Liberty Mutual's request for a default judgment against Cincinnati Insurance.

## II. DISCUSSION

### A. Defendant Defaulted

Cincinnati Insurance, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.

The allegations in the complaint are sufficient to establish Cincinnati Insurance's liability under New York law.  See Liberty Mut. Fire Ins. Co. v. National Cas. Co., 935 N.Y.S.2d 319, 321 (2d Dep't 2011).

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers

3

Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence."  Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.  District courts may hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment."  Transatlantic Marine, 109 F.3d at 111.

   The complaint, the declarations of David R. Shyer and Thomas McDonough, and an exhibit containing a listing of payments explain Liberty Mutual's damages request. (See Compl.; Decl. of David. R Shyer in Supp. of Default M., ECF No. 11-1; McDonough Decl.; Payment Screen Redacted, ECF No. 11-10.)  For the reasons stated in those submissions and based on the documentary evidence, the Court finds that Liberty Mutual has established the following damages to a reasonable certainty.  Cincinnati Insurance is liable for $43,676.62 in damages, comprised of: (1) $37,878.20 for the costs and disbursements expended by plaintiff in the underlying action, (2) $5,398.42 in interest, accruing from November 1, 2014, to the date of entry of judgment, at a rate of 9% per annum, and (3) $400 for the costs of plaintiff's action here, as the Court may take judicial notice of the filing fee.  To the extent plaintiff seeks to recover additional costs and disbursements in this action, plaintiff must submit sufficient documentation.  Furthermore, it is ordered that

Cincinnati Insurance has a duty to defend and to indemnify the Liberty Mutual in the underlying action.

### III. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against the defendant, Cincinnati Insurance Company, ordering that:

Defendant is liable to the plaintiff, Liberty Mutual Insurance Company, for damages in the amount of $43,676.62; and

Defendant has a duty to defend and a duty to indemnify plaintiff in the underlying action, Rohan v. Wardlaw Claim Service, Inc. et al, 13-CV-1116, currently pending in the Eastern District of New York.

**SO ORDERED.**

Dated: June 1, 2016
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE